UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| GWEN BOUWKAMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:05-CV-00044-AS |
| | ) |
| UNITED TRANSPORT UNION d/b/a | ) |
| UNITED TRANSPORTATION UNION; | ) |
| GENERAL MOTORS, INC.; | ) |
| and KENNETH EDWARDS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM, ORDER AND OPINION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants General Motors Inc. ("General Motors"), United Transportation Union ("UTU") and Kenneth Edwards ("Edwards" and collectively with UTU "Union Defendants) filed motions to dismiss the complaint of Plaintiff, Gwen Bouwkamp ("Bouwkamp"). The allegations involve personal injuries sustained by the Plaintiff. This case was removed to this Court on July 8, 2005 from the Tippecanoe County Circuit Court. Both motions will be addressed together here. For the reasons set forth below, Defendants' motions are **GRANTED**.

**I.  Standard of Review**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the Complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1,* 619 F.2d 645, 649 (7th Cir. 1980). In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court accepts all well-pleaded factual

allegations in the complaint and the inferences reasonably drawn from them as true. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir.1999). Plaintiffs' claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir.1999).

Furthermore, the Court is not required to accept the plaintiffs' legal conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998), *cert. denied* 525 U.S. 930 (1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.  Discussion

### A.  Failure to Respond

The Union Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 14, 2005. Defendant General Motors filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 22, 2005. Bouwkamp, who is represented by counsel, has failed to respond to either Motion to Dismiss. Under N.D. Ind. L.R. 7.1(a) an adverse party shall have fifteen days after service of a motion in which to serve and file a response. Failure to file a response within the time prescribed may subject the motion to summary ruling. *Id*. Even if the Court treated the motions as motions for summary judgment, Plaintiff has failed to appropriately respond. Dismissal is warranted on this fact alone.

### B.  Failure to State a Claim

Although dismissal is proper based on Plaintiff's failure to respond to Defendant's motion, the Court will briefly address the substantive portions of the motion, because they also

require dismissal.

The Complaint, as it relates to the Union Defendants, alleges that Plaintiff was injured on June 11, 2003 (Complaint ¶ 4).  It alleges that her injuries resulted from UTU's breach of its duty of fair representation and Edward's breach of duty and bad faith.  Plaintiff as a member of UTU in the craft or class represented by UTU is owed a duty of fair representation.  *Steele v. Louisville & Nashville, Railroad*, 323 U.S. 192 (1944); *Vaca v. Sipes*, 386 U.S. 171 (1967); *ALPA v. O'Neill*, 499 U.S. 65 (1991).   The statute of limitations for a breach of the duty of fair representation is an intentionally short six months.  *DelCostello v. Teamsters*, 462 U.S. 151 (1983); *Christiansen v. APV Crepaco*, 178 F.3d 910, 915 (7th Cir. 1999).  Bouwkamp alleges that she was injured on June 11, 2003, but filed this suit on June 7, 2005.  Any action for breach of the duty of fair representation is clearly barred by the statute of limitations.

Allegations that the Union Defendants are responsible for locomotive safety must also fail.  It is the employer, not the union, who is responsible to provide a safe working environment. *See USWA v. Rawson*, 495 U.S. 362 (1990); *IBEW v. Heckler*, 481 U.S. 851 (1987).  Therefore, Plaintiff's claims against the Union Defendants must be dismissed.

The Complaint, as it relates to General Motors, states that Bouwkamp was injured in 2003.  It contains no allegations as to how Bouwkamp was injured and how General Motors was involved in her alleged injuries.  The Complaint does not set forth any particular theory of recovery against General Motors.  Nor does it demand any relief against General Motors.  In short, the Complaint fails to allege any set of facts upon which Plaintiff could be entitled to relief, fails to provide General Motors with fair notice as to what the Plaintiff's claim is and the grounds upon which it rests, and fails to make a demand for relief as required by Fed. R. Civ. P.

8(a).  Therefore, Plaintiff's claims against General Motors must be dismissed.  *See Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 908 (7th Cir. 2005) (citing Fed. R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)).

### III. Conclusion

For all of the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. The Plaintiff's claims are dismissed without prejudice.  Defendants' Motion for Judgment pursuant to N.D. Ind. L.R. 7.1 is **GRANTED**.

**SO ORDERED.**

**Date: September 16, 2005**                  **S/ ALLEN SHARP**
                                                                         **ALLEN SHARP, JUDGE**
                                                                         **UNITED STATES DISTRICT COURT**